**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0375-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARQUIS ARMSTRONG,

    Defendant-Appellant.

_____

Submitted April 1, 2025 – Decided June 12, 2025

Before Judges Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-05-0932.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marquis Armstrong appeals from an order denying his petition for post-conviction relief (PCR), which alleged ineffective assistance of counsel (IAC) during his trial that resulted in his guilty pleas, without an evidentiary hearing. After our review of the record and applicable legal principles, we affirm substantially for the reasons set forth in the cogent written decision of the PCR court.

I.

The following facts are taken from our opinion in State v. Armstrong, 463 N.J. Super. 576 (App. Div. 2020).

> Defendant and [Nache] DeWitt[, defendant's former girlfriend,] ended their relationship in April 2014. However, months later, on September 2, the two were heading home together from a family picnic they had attended. [Rhasan] Heath, DeWitt's current boyfriend, bore some animosity toward defendant, and, when he saw them together, he began driving aggressively and pulled his car alongside theirs at a red light. The two men screamed taunts at each other until the light changed, when they both drove off.
>
> The following evening, DeWitt was with Heath at his sister's apartment when she began receiving what the State contended were threatening texts and calls from defendant on her cellphone. She did not respond to the texts or answer the calls. In the last text, at 11:37 p.m., defendant told DeWitt he was "[ab]out to get crazy." In what the State alleged was a fit of jealous pique, defendant went to Heath's sister's apartment to search for DeWitt. He saw her car parked outside and waited.

A-0375-23

As DeWitt left with her daughter and walked to her car shortly after midnight, defendant emerged, and an altercation ensued. Shortly thereafter, Heath came outside, and defendant began shooting at him. Heath ran into the street, only to be struck by an oncoming car. As Heath lay at the curb, defendant approached and shot him three times, killing him.

[Id. at 579-580]

In May 2015, defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3a(1)(2); second-degree aggravated assault, N.J.S.A. 2C:12-lb(1); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5b; and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4a. In April 2016, the trial court denied defendant's motion to dismiss the indictment.

In July 2017, the court granted the State's motion to dismiss the second-degree aggravated assault charge in the indictment. The court also denied defendant's motion to suppress text messages extracted from Dewitt's cell phone. In addition, prior to trial, defendant provided notice that he may call an alibi witness, Sherice Ruff, who defendant claimed would testify that he was home during the shooting.

A jury trial commenced on August 7. The State presented six witnesses and numerous exhibits during the two days of trial. On the second day of trial,

3

defendant agreed to plead guilty to first-degree aggravated manslaughter and second-degree unlawful possession of a handgun pursuant to a negotiated plea agreement. In exchange for his guilty plea, the State agreed to recommend an aggregate sentence of twenty-five years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and the Graves Act, N.J.S.A. 2C:43-6c, and to the dismissal of any remaining charges. The agreement also would recommend the sentence to run concurrently to any sentence imposed for defendant's pending parole violation.

Thereafter, the court sentenced defendant to a twenty-five-year prison term, subject to NERA, on the first-degree aggravated manslaughter charge and a concurrent eight-year term with a forty-two month parole disqualifier on the second-degree unlawful possession of a handgun charge. The court dismissed the remaining charge in the indictment per the plea agreement.

Defendant appealed the court's order denying his motion to suppress text messages extracted from DeWitt's phone. We affirmed the trial court's order. Id. at 576. The Supreme Court denied defendant's petition for certification. State v. Armstrong, 244 N.J. 242 (2020). Thereafter, on December 10, defendant filed his petition for PCR.

In his petition, defendant asserted three grounds to support his claims of IAC, specifically that: (1) trial counsel was ineffective by not pursuing an alibi defense through the testimony of the alibi witness, Sherice Ruff; (2) trial counsel was ineffective by conceding damaging facts in his opening statement; and (3) trial counsel was ineffective in his cross-examination of Nache DeWitt by failing to inquire about being threatened and coerced by the State to testify.

The PCR court issued an order and written decision denying defendant's PCR petition, without an evidentiary hearing. The court rejected all of defendant's claims. Concerning whether the alleged alibi witness would have helped defendant's case, the PCR court found "[she] may have perjured herself if in fact she testified as the [d]efendant asserted that she would." In addition, the PCR court found "[t]he record is clear that defense counsel vigorously represented the [d]efendant . . . [because] [h]e investigated the matter and initially offered [] an alibi witness . . . and counsel's tactical decision to not pursue an alibi defense [would have been] wholly contradicted by the actual evidence[.]"

In addition, as to whether trial counsel was ineffective by conceding damaging facts about defendant in his opening statement, the PCR court found "[n]othing in the defense opening represents a concession of fact. [Trial

counsel] clearly and prominently asserted that [defendant] was an innocent man on several occasions throughout his opening [statement]."  Further, regarding trial counsel's alleged ineffectiveness for not cross-examining DeWitt concerning whether the State coerced her to testify, the court found "[n]othing in the record supports this allegation [because] [t]he State obtained a material witness warrant in order to secure [the witness's] appearance in court."

The PCR court concluded "[defendant] has failed to make a prima facie showing of ineffectiveness on [each] issue [and defendant] has failed to demonstrate a reasonable likelihood that his claim will ultimately succeed on the merits."  The court further reasoned "[a]n evidentiary hearing will not aid the court's analysis of whether defendant is entitled to post-conviction relief" because "[defendant]'s arguments forwarded wholly lack adequate factual or legal merit to warrant a hearing."  The court concluded "[defendant] failed to meet his burden demonstrating his right to post-conviction relief by a preponderance of the evidence and failed to satisfy any of the Strickland[1] mandates."

On appeal, defendant recites the same arguments made to the PCR court, asserting:

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

A-0375-23

POINT I

THIS COURT SHOULD REVERSE THE LAW
DIVISION'S DECISION TO DENY []
DEFENDANT'S REQUEST FOR AN EVIDENTIARY
HEARING ON THE ISSUE OF WHETHER THE
DEFENDANT'S TRIAL COUNSEL'S INEFFECTIVE
REPRESENTATION AT TRIAL LEFT THE
DEFENDANT NO ALTERNATIVE BUT TO PLEAD
GUILTY.

A.
DEFENDANT'S ATTORNEY WAS INEFFECTIVE
BY FAILING TO PRESENT AN ALIBI WITNESS.

B.
DEFENDANT'S ATTORNEY IMPROPERLY
CONCEDED DAMAGING FACTS IN HIS OPENING
STATEMENT.

C.
DEFENDANT'S ATTORNEY DID NOT CONDUCT
ADEQUATE CROSS-EXAMINATIONS OF THE
STATE'S WITNESSES.[2]

Under Point C, defendant argues for the first time on appeal that trial counsel was ineffective because he should have attempted to discredit DeWitt's eyewitness identification of defendant on cross-examination by delving into her relationship with defendant and Heath and showing she had a motive to lie. In addition, defendant also asserts for the first time that his counsel was ineffective

---

[2] We have reconstituted defendant's point headings.

by not questioning DeWitt about Heath's prior aggressive behavior to support defendant's self-defense claim.

## II.

"Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10). "It is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (first alteration in original) (quoting Strickland, 466 U.S. at 685-86).

To establish a prima facie claim for IAC, a defendant must satisfy the two-prong test established in Strickland/Fritz:

> First, [] defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed [] defendant by the Sixth Amendment. Second, [] defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive [] defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

> [Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987)].

Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). A defendant is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if they establish a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

"[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462–63. To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test. Preciose, 129 N.J. at 463.

A defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Id. at 355 (quoting State v. Cummings, 321

9

N.J. Super. 154, 170 (App. Div. 1999)).  Rather, a defendant's claim must be supported by "specific facts and evidence."  Ibid.  "[A] defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative.'"  Ibid. (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

Under the second prong of the Strickland standard, a defendant "must show that the deficient performance prejudiced the defense."  State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687).  That is, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).  Proof of prejudice under Strickland's second prong "is an exacting standard."  Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)).  A defendant seeking PCR "must affirmatively prove prejudice" to satisfy the second prong of the Strickland standard.  Ibid. (quoting Strickland, 466 U.S. at 693).  A failure to satisfy either prong requires the denial of a PCR petition founded on an IAC claim.  Strickland, 466 U.S. at 700.

There is a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment." Strickland, 466 U.S. at 690. Given that presumption, "complaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy of representation by counsel." Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)); see also State v. Echols, 199 N.J. 344, 357-59 (2009).

III.

Based on our de novo review, we conclude the PCR court did not err by denying defendant's petition after determining he failed to make a prima facie showing of IAC to warrant an evidentiary hearing and denying his petition.

Addressing defendant's first argument on appeal related to the alibi witness, Ruff, we conclude he fails to point to any competent evidence presented to the PCR court establishing that the alibi witness would have provided evidence establishing his defense. We concur with the PCR court that the alibi witness likely would have contradicted defendant's defenses and negatively affected his case. Under these circumstances, trial counsel's decision not to call the alibi witness was based on adequate trial strategy. Similarly, we conclude defendant failed to sustain his burden under Strickland's prejudice prong because he failed to present any competent evidence to establish that had counsel

11

presented the alibi witness, there was a reasonable probability her testimony would have yielded evidence to overturn his conviction.

Turning to defendant's second argument asserting deficiencies in his trial counsel's opening statement, we conclude he fails to point to any competent evidence that counsel's opening statement conceded damaging facts which impeded his defense. As noted by the State and found by the PCR court, defendant may disagree with the strategic decisions made by counsel in his opening statement, but this disagreement does not meet the constitutional threshold for establishing IAC. Contrary to defendant's argument, trial counsel asserted defendant's innocence when stating, "I represent an innocent man" and "my client is an innocent man." We conclude trial counsel's statement acknowledging the victim's death was not a concession of defendant's guilt because counsel also made several statements concerning the defendant's innocence as noted by the PCR court. In addition, defendant did not sustain his burden under Strickland's prejudice prong because he failed to present any competent evidence to establish how a different opening statement would have resulted in an acquittal. Therefore, we conclude defendant failed to satisfy both prongs of Strickland under his second argument.

We now turn to defendant's final argument that his counsel was ineffective by not adequately cross-examining the State's witness, DeWitt. He asserts for the first time on appeal that trial counsel should have attempted to discredit DeWitt's eyewitness identification of defendant by delving into her relationship with defendant and Heath and showing she had a motive to lie. Defendant also raises for the first time on appeal that trial counsel should have questioned DeWitt about Heath's prior aggressive behavior to support defendant's self-defense claim.

We "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available." State v. Robinson, 200 N.J. 1, 20 (2009); Neider v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) ("For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'")

Nonetheless, we have considered defendant's contentions and conclude defendant's argument does not satisfy either prong of Strickland. It does not satisfy the first prong because the strategic choice by counsel to not raise bias or identification issues in the cross-examination of DeWitt was sound based on

the evidence which showed (1) DeWitt distinctly identified defendant as the shooter from her clear familiarity with him based on their prior relationship, and (2) there was substantial evidence in the record showing defendant was not acting in self-defense because Heath was unarmed and shot by defendant while lying in the street after being struck by a car. As to the second prong of Strickland, defendant has failed to prove that counsel's errors were so serious as to prejudice defendant and deprive him of a fair trial based on this same evidence as well as evidence in the record which showed a serious confrontation between defendant and Heath the day before.

We further conclude the PCR court did not err by not holding an evidentiary hearing. Even when viewing defendant's assertions in a light most favorable to him, we determine he fails to establish material issues of disputed fact which must be resolved with evidence outside the record to require a hearing. Trial counsel's reasons for his strategic decisions relative to each point on appeal were clearly apparent in the record before the PCR court.

To the extent we have not specifically addressed any of defendant's remaining legal arguments we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0375-23